## CIRCUIT COURT OF AMHERST COUNTY

The Rutledge Inn et al.

v.

F. & M. Bank — Central Virginia

Case No. (Chancery) 6835

BY JUDGE J. MICHAEL GAMBLE

April 2, 1993

This is an action brought by the Complainants to order that a certain deed of trust dated September 23, 1991, made by the Complainants and Anthony DiMartino, and which secured F. & M. Bank — Central Virginia, be released in accordance with § 55-66.5 of the Code of Virginia (1950), as amended. Under the facts of this case, the Complainants executed a deed of trust dated September 23, 1991, which secured a commercial note made by the same parties payable to F. & M. Bank — Central Virginia in the principal amount of $35,000.00. This deed of trust was secured by a parcel containing five acres owned by The Rutledge Inn, Inc., and a parcel containing .49 acre owned by Joseph G. Graziano and Anthony R. DiMartino. The property owned by Graziano and DiMartino was also collateral for a deed of trust dated May 16, 1988, which secured an indebtedness of Graziano and DiMartino to F. & M. in the amount of $30,000.00.

The 1988 obligation of Graziano and DiMartino to F. & M. fell into default, and the .49 acres was sold at a foreclosure sale on August 24, 1992. A deficiency on the 1988 loan to Graziano and DiMartino in the amount of $6,637.54 remained after the foreclosure sale.

In 1992 Joseph and Carolyn Graziano went to Guy Gruber, an officer with F. & M., and requested a payoff of the indebtedness secured by the September 23, 1991, deed of trust. Mr. Gruber gave them a payoff figure on the commercial note dated September 23, 1991, in the amount of $33,289.11. Mr. Gruber was not the original loan officer who handled either the 1988 or 1991 transactions. Mr. Gruber was not aware of the deficiency on the foreclosure sale at the time that he gave to Mr. and Mrs.

Graziano the payoff figure. Additionally, the Bank presented evidence that, at the time the payoff figure was given, there was a balance due on an obligation made to the Bank by Carol Jo Graziano, the daughter of Joseph and Carolyn Graziano. This indebtedness was bankrupted by Carol Jo. At the time of trial, it had a balance of $14,183.98. The Bank alleges that Joseph Graziano guaranteed this indebtedness by a guaranty dated January 13, 1990.

The F. & M. Bank ultimately declined to release the September 23, 1991, credit line deed of trust because of the deficiency on the foreclosure of the 1988 deed of trust and the obligation owed by Carol Jo Graziano. The basis for the Bank's refusal is set forth in Paragraph A on the first page of the deed of trust as follows:

> *Obligations of Grantor.* Except as otherwise limited by the next section of this Deed of Trust entitled "Limitations," the property is conveyed to secure the payment of all obligations Grantor (or any one of them, if more than one) owes to the Bank for any reason both now and at any time in the future, regardless of the amount, whether matured or unmatured, absolute or contingent and however evidenced. This includes, but is not limited to: (a) future loans and advances made at Bank's option (even if not currently contemplated and even if made after all current obligations have been repaid); and (b) all obligations to Bank now existing or later incurred whether owing originally to Bank or purchased by the Bank from a third party.

Under the Limitations paragraph, the following provision is found:

> The aggregate amount of the obligations to which the Property may be subjected for payment may not exceed the sum of (1) extensions of credit in the aggregate principal amount of $35,000.00 plus (2) interest and charges thereon, plus . . . .
>
> As used in this deed of trust, the term "extensions for credit" shall include, but not be limited to, loans, lines of credit, checks, and other items accepted for collection and for which value has been given, overdrafts, letters of credit, guarantees, and commitments to extend credit. The term "obligations" is used in the broadest sense to include, but not be limited to, extensions of credit, interest, charges, costs, duties of performance, and indebtedness of any kind or source.

The threshold issue is whether or not the payoff figure given to Mr. and Mrs. Graziano and accepted by F. & M. requires that the deed of trust be released. This Court holds that the deed of trust cannot be released on this ground. The deed of trust dated September 23, 1991, secured obligations other than the commercial note of the same date. This is clearly stated on the first page of the deed of trust where the obligations of the grantor are set forth. As with all written instruments, the Court must look to the face of the instrument, if the instrument is unambiguous, to ascertain the intent of the parties. In this case, it is abundantly clear that the intent of the parties is to secure all obligations of the grantors to F. & M.

The fact that F. & M. initially gave an incorrect payoff figure does not commit F. & M. to release the deed of trust. In cases where a mortgage has actually been erroneously released, the lien of the deed of trust has been reinstated. 13A M.J., *Mortgages and Deeds of Trust*, § 88; 55 Am. Jur. 2d, *Mortgages*, § 504. Thus, certainly if a mortgage may be reinstated which has been erroneously released, the Complainants have no grounds to insist that it be released when a payoff is given by mistake. The Complainants have no equitable grounds to complain because the terms of the deed of trust clearly set forth that other obligations of the parties are secured.

The Complainants also argue that the indebtedness to be secured to the property is limited to $35,000.00 as set forth on the limitation section of the deed of trust. They argue that because the original credit line was $35,000.00, the additional indebtedness cannot be added to that amount. Construing the sections of the deed of trust as a whole and in particular the obligations of grantor section with the limitation section, it is clear to the Court that the maximum amount at any one time which can be secured by the deed of trust is $35,000.00, plus interest and charges. The Court accordingly rules that the deed of trust still remains valid for the difference between the principal portion of the $33,289.11 payoff and $35,000.00. This deficiency shall be applied to the deficiency due from the sale of the rental house. The interest and late charge portion of this differential figure (between the principal portion of $33,289.11 and $35,000.00) may also be added.

The Court makes no ruling at this time on the deficiency due under the Carol Jo Graziano note.

Accordingly, the Court rules that the deed of trust shall not be released until the Complainants pay the difference between the principal portion of $33,289.11 and $35,000.00, plus accrued interest and charges.

The Court will continue the bar to any foreclosure proceedings for a period of thirty days from the date of this opinion letter to allow the Complainants to pay such sum. If they pay such sum, then the deed of trust shall be released. If they do not, then F. & M. may pursue all of its remedies under the terms of the deed of trust and commercial note.

### August 6, 1993

By decree dated May 5, 1993, I set aside the order entered on April 27, 1993, pursuant to the Motion to Reconsider by Mr. Baker on behalf of the Plaintiffs. I have reviewed the memoranda and authority submitted, and I overrule the Motion to Reconsider of the Plaintiffs.

Paragraph A of the deed of trust dated November 25, 1991, clearly, and without ambiguity, sets forth that the property is conveyed to "secure payment of all obligations Grantor (or anyone of them, if more than one) owes to the bank . . . ." Accordingly, the terms of the instrument must control.

The issue raised in the Motion to Reconsider, that Peoples Bank of Nelson was the mortgagee of the 1988 loan and F. & M. Bank was the mortgagee of the 1991 loan is simply an issue that has been raised after trial. As noted in the reply memorandum of F. & M. Bank, this issue was not raised at trial. Thus, it cannot be raised after the Court has made its decision. Therefore, I reinstate the order of the Court dated April 27, 1993.